# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

BRANDON OLLIVIER,

          Petitioner,

v.

KEITH DEVOS,

          Respondent.

CASE NO. 2:24-cv-01092-TMC-GJL

REPORT AND RECOMMENDATION

Noting Date: **September 19, 2024**

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Brandon Ollivier, proceeding *pro se*, initiated this action by filing a federal habeas Petition pursuant to 28 U.S.C. § 2254. Dkt. 1. After screening the Petition, the Court ordered Petitioner to show cause why this action should not be dismissed for failure to state a viable claim for habeas relief. Dkt. 4. Petitioner's Response to the Show Cause Order was received on August 29, 2024. Dkt. 5.

Upon review of Petitioner's Response, the undersigned finds he has failed to show cause and recommends this action be **DISMISSED without prejudice** in accordance with Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules").

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Petitioner is currently confined at the Special Commitment Center ("SCC")—a facility owned and operated by the Washington State Department of Social and Health Services ("DSHS") that provides mental health treatment for civilly committed sexually violent predators, many of whom have already completed their term of incarceration as adjudged by a criminal court. Dkt. 1; *see also* WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, Special Commitment Center: What We Do, Behavioral Health Administration, *https://www.dshs.wa.gov/bha/special-commitment-center* (accessed August 8, 2024).

As his sole ground for habeas relief, Petitioner alleges that he has been denied "statutorily mandated adequate care" and "individualized treatment" for years while confined at SCC. Dkt. 1 at 3, 5. Petitioner asserts that these conditions make his detention unlawful and violate his due process rights. *Id.* The relief requested in the Petition is Petitioner's immediate release from confinement and an award of monetary damages related to his confinement. *Id.* at 15.

As the Petition appeared to challenge the conditions of Petitioner's confinement and included a request for monetary damages, Petitioner was advised of the following and ordered to show cause why this action should not be dismissed:

> Upon review, it is clear on the face of the Petition that Petitioner is not entitled to habeas relief. Petitioner's sole ground for relief is not a true habeas claim, but rather a challenge to the conditions of his state confinement that must be brought in a civil rights action under 42 U.S.C. § 1983. Petitioner's core allegations are that he is being denied medical care and individualized therapy at SCC. Dkt. 1 at 3, 5. These allegations go to the conditions of his confinement at SCC, not the validity of his civil custody decision or state court conviction. Although Petitioner seeks release from confinement in addition to monetary damages, this is the only aspect of his claim that resembles a habeas action. *Id.* at 15. Nevertheless, Petitioner's request for release does not convert his conditions of confinement claim to one sounding in habeas.

Dkt. 4 at 3. Petitioner filed a timely Response to the Show Cause Order, which is now ripe for consideration. Dkt. 5.

REPORT AND RECOMMENDATION - 2

## II. LEGAL STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. Rule 4 specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973). Thus, "when a state prisoner is challenging the *very fact* or *duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500 (emphasis added). In contrast, an action challenging the *conditions* of state confinement or seeking financial compensation for the same is not a true habeas action. *Id.* at 494 ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement and he is seeking something other than immediate or more speedy release."). In those instances, a prisoner must instead file a civil rights action pursuant to 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994). These principles apply with equal force to individuals

REPORT AND RECOMMENDATION - 3

who are civilly confined at state facilities consequent to state court convictions. *See generally Brock v. Weston*, 31 F.3d 887, 888 (9th Cir. 1994).

### III.   DISCUSSION

In his Response, Petitioner offers to withdraw "any claim for damages [that] interferes or confuses the issue" in this case. Dkt. 5 at 1. Petitioner also maintains that this suit is not one concerning the conditions of his confinement, but rather an action going to the heart of habeas corpus. *Id.* at 1–7. This Court disagrees.

Despite his offer to withdraw his request for damages and his assertions that this action challenges "the very roots and purposes" of his confinement, Petitioner's claim does not sound in habeas. Moreover, Petitioner's attempts to differentiate his claim from other conditions of confinement claims by stating that he does not "attack the adequacy and quality of care" or the competency of healthcare professionals at SCC are unavailing. Dkt. 5 at 4. The Court reaches this conclusion because even a favorable disposition of Petitioner's claim would not *require* his release from confinement; instead, his alleged injuries are redressable by a court order directing SCC to provide the sort of treatment required by law. *See, e.g.*, *Sharp v. Weston*, 233 F.3d 1166 (9th Cir. 2000) (reviewing injunctive relief granted in § 1983 action to redress, among other things, provision of inadequate individualized treatment program at SCC).

Notably, claims similar to those alleged in the Petition are routinely addressed in § 1983 actions. *See Urlacher v. Lashaway*, No. 16-CV-5912-RJB-JRC, 2017 WL 8942555 (W.D. Wash. May 4, 2017), *report and recommendation adopted*, 2017 WL 2570787 (W.D. Wash. June 14, 2017) (denying motion to dismiss § 1983 claim challenging individualized treatment at SCC as inadequate under the Fourteenth Amendment Due Process Clause); *Donaghe v. Lashaway*, No. 16-cv-5973-RJB-JRC, 2017 WL 8942557 (W.D. Wash. May 2, 2017), *report and recommendation adopted*, 2017 WL 2458875 (W.D. Wash. June 7, 2017) (same); *McGary v.*

1  *Lindquist*, No. 13-cv-5130 RBL-JRC, 2015 WL 791730 (W.D. Wash. Feb. 25, 2015), *aff'd sub*

2  *nom. McGary v. Cunningham*, 728 F. App'x 705 (9th Cir. 2018) (addressing inadequate

3  treatment claim filed by SCC detainee at summary judgment stage); *Nickolich v. Arizona Cmty.*

4  *Prot. & Treatment Ctr.*, No. 19-cv-04381-PHX-ROS-JFM, 2021 WL 1293278 (D. Ariz. Apr. 7,

5  2021) (holding a plaintiff was not barred from bringing similar right to treatment under § 1983

6  because such a claim would not "demonstrate the invalidity of [his] confinement or its duration")

7  (citing *Heck*, 512 U.S. at 456–87); *Bodnar v. Clendenin*, No. 2:22-cv-1533-AC-P, 2024 WL

8  1579282, at *2–3 (E.D. Cal. Apr. 11, 2024), *report and recommendation adopted*, No. 2:22-cv-

9  01533-DAD-AC (PC), 2024 WL 3088240 (E.D. Cal. June 18, 2024) (concluding a sexually

10  violent predator's "curative treatment" claim was plausibly alleged against state facility under §

11  1983 while holding that other claims were *Heck* barred). And at least one federal district court

12  has dismissed an analogous right to treatment claim brought pursuant to § 2254 as not cognizable

13  in action for habeas corpus relief. *See R.W. v. Goodwin*, No. 08-cv-4841-PGS, 2009 WL

14  1405514, at *5–8 (D.N.J. May 19, 2009) (citing *Leamer v. Fauver,* 288 F.3d 532 (3d Cir. 2002)).

15    Finally, Petitioner's Response to the Show Cause Order raises another potential reason

16  for dismissing his Petition: the requirement to exhaust state court remedies outlined in 28 U.S.C.

17  § 2254(b)(1)(A). *See Picard v. Connor*, 404 U.S. 270, 275 (1971). Even assuming Petitioner

18  could proceed with his claim under § 2254, he indicates that he is currently litigating similar

19  claims against SCC in state court and, if so, then Petitioner does not appear to have adequately

20  exhausted his state court remedies as required to proceed in this federal habeas action. Dkt. 5 at

21  5. *See Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2008) ("[A] petitioner must 'seek full relief

22  first from the state courts, thus giving those courts the first opportunity to review all claims of

23  constitutional error.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)); *see generally*

24  *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005) (discussing differences

REPORT AND RECOMMENDATION - 5

between civil rights and habeas actions filed by civilly detained sex offenders and noting that habeas actions require exhaustion in state court).[1]

Accordingly, it is clear Petitioner is not entitled to habeas relief in this Court.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends the Petition and this action be **DISMISSED without prejudice** in accord with Rule 4 of the Habeas Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 19, 2024**, as noted in the caption.

Dated this 4th day of September, 2024.

Grady J. Leupold
United States Magistrate Judge

---

[1] Though not applicable here, the Ninth Circuit has held the exhaustion requirement does not apply where a petitioner is detained under a California civil commitment statute that—unlike Washington's commitment statute which imposes an indefinite term of commitment—only imposed a two-year term of commitment, making habeas challenges arising under that particular civil commitment scheme "capable of repetition and yet evading review." *Hubbart v. Knapp*, 379 F.3d 773, 777–78 (9th Cir. 2004); Wash. Rev. Code § 71.09.060.